IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE NASH, | ) | |
| | ) | |
|     Plaintiff, | ) | 09 C 7558 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| DOLTON WEST SCHOOL | ) | |
| DISTRICT 148, and JAYNE | ) | |
| PURCELL, individually and as | ) | |
| an agent of the DEFENDANT BOARD,[1] | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued the Board of Education of Dolton West School District 148 ("Board") and Superintendent Jayne Purcell for their alleged violations of 42 U.S.C. § 1981 and state law. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants in part and strikes as moot in part the motion.

## Facts

From 2004-2008, the Board had seven members, only one of whom was white. (Defs.' LR 56.1(a) Stmt., Ex. F, Mickles Dep. at 69-70; Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 6.) The Superintendent during the 2004-05 and 2005-06 school years was Dr. Fitzgerald, who is white. (Defs.' LR 56.1(a) Stmt., Ex. F, Mickles Dep. at 26, 44; *id.*, Ex. C, Nash Dep. at 52.) The Superintendent for the 2006-07 and 2007-08 school years was Dr. Roberson, who is African American. (*Id.*, Ex. F, Mickles

---

[1]The Court strikes the official capacity claims plaintiff asserts against Purcell because they are duplicative of her claims against the Board. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Dep. at 44-45, 49-52; *id.*, Ex. C, Nash Dep. at 52.) In August 2008, defendant Purcell, who is white, became Superintendent. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 4.)

Between 2004 and 2007, plaintiff, who is African American, did community and media relations work for the Board pursuant to four one-year contracts. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 16, 20, 23, 25.) Plaintiff negotiated the contracts with then-Assistant Superintendent Dr. Mickles, who is African American. (*Id.* ¶¶ 5, 16, 18, 20, 23, 25.) Mickles did not seek or obtain Board approval for any of these contracts because, viewing the record in plaintiff's favor, at that time, the Board did not have a policy that required her to do so. (*Id.* ¶ 28; Defs.' LR 56.1(a) Stmt., Ex. F, Mickles Dep. at 38-41.)

In the summer of 2008, plaintiff and Mickles negotiated a contract for plaintiff to work for the Board for the 2008-09 school year. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 29.) A few weeks later, Purcell replaced Roberson as Superintendent. (Defs.' LR 56.1(a) Stmt., Ex. F, Mickles Dep. at 57-59.) Mickles did not know about the impending staff change when she signed the 2008 contract with plaintiff. (*Id.*)

At the end of August 2008, the Board adopted a policy that required administrators to obtain its approval for any contract in excess of $10,000.00. (*Id.* at 61-62, 120-21.) When Mickles presented plaintiff's 2008 contract to the Board's Finance Committee on September 11, 2008, Board President Jackson said she did not think plaintiff was obtaining appropriate media coverage for the district. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 35-36.) On September 23, 2008, the Board told Purcell to meet with plaintiff to modify the contract. (*Id.* ¶ 37.)

On October 15, 2008, Purcell met with plaintiff and, though she denies it, plaintiff says she instructed plaintiff to begin work for the 2008-09 school year. (Pl.'s Stmt. Add'l Facts ¶ 18; Def.'s

Resp. Pl.'s Add'l Facts ¶ 18.) There is no dispute, however, that plaintiff did no work before October 15, 2008 (Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 41.)

After the meeting, Purcell told the Board that plaintiff "is refusing to work on any part of the agreement . . . until she receives pay for the first two months of her contract, August and September." (Def.'s LR 56.1(a) Stmt., Ex. I, Mem. to Bd. Members from Purcell of 10/16/08.) The Board refused to make those payments and rejected the contract. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 41-42.)

## Discussion

To prevail on a summary judgment motion, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth or the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

**Federal Claims**

In Counts I and III, plaintiff asserts that the Board and Purcell discriminated against her in violation of § 1981. Plaintiff can defeat defendants' motion on this claim by using either the direct or the indirect method of proof. *Burnell v. Gates Rubber Co.*, No. 10-3490, 2011WL 3132470, at *3 (7th Cir. July 27, 2011). The former requires plaintiff to offer direct evidence of defendants' discriminatory intent or circumstantial evidence from which an inference of intent can be drawn, *e.g.*, proof that

defendants gave systematically better treatment to similarly situated non-African-American employees, made biased comments to or about African-American employees or offer incredible reasons for taking the contested action. *Id.* Plaintiff contends that comments Purcell made to or about other African-American employees and the timing of events provide sufficient circumstantial evidence of discriminatory intent.

The alleged comments were made by Purcell to Maureen White, a Board employee who is also plaintiff's sister. (Defs.' LR 56.1(a) Stmt. Ex. C, Nash Dep. at 174-83.) Plaintiff says Purcell called White "a black working dog," told White that Mickles was a "worthless piece of crap" and said that "the tables have turned, used to be four black ladies against the white lady." (*Id.*) Plaintiff did not, however, hear Purcell make these statements. (*Id.*) Thus, she is offering White's out-of-court statements about what Purcell said, not Purcell's out-of-court statements, as evidence. If plaintiff were offering Purcell's statements, they would not be hearsay because plaintiff would not be offering them to prove their truth, *i.e.*, that White is a "working black dog," Mickles is a "worthless piece of crap" and the "tables have turned." *See* Fed. R. Evid. 801(c) (defining hearsay as "[an out-of-court] statement . . . offered in evidence to prove the truth of the matter asserted"). The situation is different, however, for White's statements, which plaintiff does offer to prove their truth, *i.e.*, that Purcell called White a "black dog," called Mickles a "piece of crap" and made "the tables have turned" comment. Because White's statements are inadmissible hearsay, the Court cannot consider them in deciding this motion. *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994) (stating that evidence submitted in support of or opposition to a summary judgment motion must be admissible).

Plaintiff also argues that the timing of events suggests that racial animus prompted defendants to reject the 2008 contract. Viewed favorably to plaintiff, the record shows that: (1) before 2008, she

4

successfully negotiated four contracts with Mickles, who is African American; (2) in 2008, the Board adopted a policy requiring approval for any contract in excess of $10,000.00; and (3) Purcell, who is white, became Superintendent in 2008. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 4-5, 16, 18, 20, 23, 25, 29-30.) There is no evidence, however, to suggest that Purcell instituted the contract approval requirement, let alone that she or the Board did so for discriminatory reasons, or that African-American contractors were the only ones subject to it. Moreover, it is undisputed that: (1) the District had a white Superintendent for the first two years of plaintiff's employment; (2) the Board had seven members, only one of whom was white, throughout plaintiff's tenure; (3) Board President Jackson, who is African American, complained about plaintiff's performance when Mickles presented the 2008 contract to the Board; (4) plaintiff did not do any work for the 2008-09 school year before October 15, 2008, and told Purcell that she would not do so until she was paid for August and September 2008; and (5) the Board was unwilling to make those payments. (Defs.' LR 56.1(a) Stmt., Ex. F. Mickles Dep. at 26, 37, 44-45, 69-70; *id.*, Ex. C, Nash Dep. at 52; Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 6-7, 14, 35-38, 41-42; Defs.' Resp. Pl.'s Stmt. Add'l Facts ¶ 23.) Given all of this evidence, the mere fact that Board rejected the 2008 contract while Purcell was Superintendent does not create an inference of discrimination. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006) ("[W]hile there is no bright-line rule as to the amount of evidence necessary to survive summary judgment under the direct method, it is clear that mere temporal proximity is not enough to establish a genuine issue of material fact." (quotations and alterations omitted)).

Plaintiff fares no better with the indirect method of proof, which requires her to show that: (1) she is a member of a protected class; (2) she was meeting defendants' legitimate expectations; (3) she suffered an adverse employment action; and (4) defendants treated a similarly situated non-African

American employee more favorably. *Burnell,* 2011 WL 3132470, at *4. With respect to the last element, plaintiff asserts that defendants gave better treatment to a white contractor, Tobin Mitchell. (Defs.' LR 56.1(a) Stmt., Ex. C, Nash Dep. at 137-39.) There is no evidence, however, to suggest that Mitchell and plaintiff are situated similarly. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000) (stating that employees must be comparable "with respect to performance, qualifications, and conduct"). On the contrary, the record shows that plaintiff and Mitchell had different job titles and responsibilities and performed different work. (Defs.' LR 56.1(a) Stmt., Ex. C, Nash Dep. at 137-39.) Because the record does not support the inference that any similarly situated, non-African-American contractor received more favorable treatment than plaintiff, the indirect method of proof does not save her discrimination claim.

In Counts II and IV, plaintiff asserts that defendants rejected the 2008 contract in retaliation for her complaints of discrimination. This claim survives under the direct method if there is evidence that plaintiff complained about discrimination, later suffered an adverse employment action and there is a causal link between the two. *Burnell*, 2011 WL 3132470, at *4. It survives under the indirect method if there is evidence that plaintiff complained about discrimination, later suffered an adverse employment action, her job performance was satisfactory and no similarly situated employee who did not complain received the same treatment. *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Plaintiff has made neither showing,

Though the record shows that plaintiff complained to Purcell about discrimination, there is no evidence that she did so before the Board rejected the 2008 contract.[2] On the contrary, it shows that her

---

[2]Plaintiff says Mickles and White accused Purcell of discrimination before defendants took the conduct she contests in this suit. (*See* Pl.'s Stmt. Add'l Facts ¶¶ 32, 36-37, 40.) Plaintiff cannot base a retaliation on their alleged complaints, however, because there is no evidence that she took

complaints were the consequence – not the cause – of the Board's action. (Defs.' LR 56.1(a) Stmt, Ex. C, Nash Dep. at 141-42.) Thus, plaintiff's retaliation claims cannot survive under either the direct or the indirect methods of proof.

**State Claims**

In Counts V-VII, plaintiff asserts state law claims against both defendants. Having dismissed all of the federal claims in this suit, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to the § 1981 claims plaintiff asserts against defendants, who are entitled to judgment as a matter of law on them. Thus, the Court grants defendants' motion for summary judgment [doc. 56] on these claims (Counts I-IV), strikes it as moot as to the state law claims (Counts V-VII) and dismisses the state law claims without prejudice to refiling in state court. This case is terminated.

**SO ORDERED.**              **ENTERED:**

**August 24, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

any action to oppose Purcell's treatment of these employees.